Please be seated. Good morning, my clerks told me to be friendly like Justice Bowie is when he has oral arguments and I'm not as friendly. I just like to get down to business. They said be friendly and be accommodated. I will say welcome to the historic 5th District's appellate courthouse. We're very proud of our courthouse and proud to be back in session in person. I think I told the last case that was argued. I've been on the appellate court for three years now. This is my first day actually in person argument. We've been doing it by Zoom for so long and we've kind of gotten comfortable with that but glad to be back live and in person.    This is the case of People v. Raymond Moss. This is the case of People v. Raymond Moss. Miss Lassey, you represent the appellant? Yes. Alright, are you ready to proceed? Yes I am. Alright, you may proceed. May it please the court, counsel? My name is Jennifer Lassey and I represent the dependent appellate, Mr. Raymond Moss. Mr. Moss asked this court to reverse and remand for further post-conviction proceedings, where his post-conviction counsel failed to comply with rule 651-C and failed to provide reasonable assistance. Post-conviction counsel Biddle filed a second amended petition that presented claims that were not in the initial amended petition filed by post-conviction counsel Duffy. As both the opening and state briefs explain, some of those claims that Biddle alleged were verbatim or nearly verbatim from the pro se petition. Both the opening and state briefs agree that some of those allegations were entirely vague. This left the trial court with no choice but to dismiss the second amended petition. For example, Biddle alleged that trial counsel was ineffective for failing to call witnesses, but Biddle failed to explain who those witnesses were or what their testimony would have been. Biddle alleged trial counsel ineffective for failing to get a medical expert, but he failed to assert how this prejudiced Mr. Moss. Post-conviction counsel Biddle also alleged that the state was withholding evidence in the second amended petition, but he failed to explain what this evidence was or how Mr. Moss was prejudiced. The Supreme Court's recent decision in People v. Addison tells us that counsel's decision to include these claims in the second amended petition means that counsel determined the claims had merit. Accordingly, according to Addison, post-conviction counsel was required to properly plead those claims. The state's reliance on People v. Smith is entirely misplaced. The state argues that because the first post-conviction attorney, Duffy, filed a petition, the second amended petition, it doesn't matter that additional claims were made in that second amended petition. However, the second amended petition superseded the first petition, and that first petition is irrelevant. Counsel proceeded on the second amended petition, and People v. Smith is entirely distinct. There, a defendant filed a pro se petition, and post-conviction counsel was appointed. Counsel stood on that pro se petition, and then a second post-conviction attorney was appointed and also stood on that pro se petition. No new claims were alleged by post-conviction counsel at any point, so Smith is simply irrelevant to the facts of this case. Where post-conviction counsel files claims, Addison tells us they are required to properly plead those claims, and Addison also tells us that when counsel fails to do so, they fail to comply with Rule 651C, and they fail to provide reasonable assistance. Just as Attorney Biddle erred in poorly drafting the second amended petition, Attorney Mayberry stood on that petition and failed to amend it and failed to correct these omissions. Likewise, Attorney Kaye failed to address these errors in the motion to reconsider. The combined failures by these post-conviction attorneys rendered Mr. Moss's statutory right to post-conviction counsel entirely meaningless. Addison tells us that this Court cannot affirm dismissal on the merits where these claims were so poorly pled, and that the case must be remanded for further post-conviction proceedings. And unless Your Honors have questions, Mr. Moss would ask you to reverse and remand for further second stage proceedings so that his claims can be adequately presented with new counsel. And if newly appointed counsel determines that those claims lack merit, then that attorney has a duty to file a proper motion stating so in the trial court. Did Your Honors have any questions? I have a question. What counts are you specifically referring to in the second amended petition for post-conviction relief that were inadequate? So they're all listed in the opening and reply briefs. But, for example, there's a few, I believe they're on the additional claims of error page in the second amended petition. And the three examples I gave just now were counsel asserting that witnesses, I haven't got my brief. If you want the sites, I think I can get them. But counsel asserting that trial counsel was ineffective for failing to call witnesses that would have strengthened the defendant's case and weakened the State's case. But counsel entirely fails to state who those witnesses are. Counsel — Well, for example, in the additional claims for error, of error, they name Yvonne Hill and Petitioner. So there is a witness named in the second amended — I'm looking at the second amended petition for post-conviction relief under the additional claims of error. And there is a Yvonne Hill named. Is it all right with the Court if I grab my brief real quick? Yes. Okay. Because it seems to me — it just seems to me that the second amended petition is — not only is it lengthy, but it's very detailed. So it's — I do not have my opening brief with me. But it's a brief. I'm more interested in the document that you're talking about. So there is a — the second amended petition does — it has paragraphs where it states that trial counsel failed to call witnesses, and it doesn't state who the witnesses were that trial counsel should have called. Yvonne Hill did testify at the trial. So — but, for example, in paragraph two, it says, failed to subpoena medical records of Y.H. and secure expert testimony to rebut the speculative nature of Dr. Don Vito concerning the causes for injuries sustained. I mean, that seems to me to be a very specific allegation. I believe we talk about counsel's failure to secure the records of J.B., and I think that's on another page in the petition. But he says the purpose of that was to elicit information concerning promises of leniency to Kentley Nowakowski, N-O-W-A-K-O-W-S-K-I, for her testimony. So he does go on to explain. So that claim is related to the records of Y.H., which we did not mention that claim in the — I don't believe we mentioned that claim in the brief, but we do talk about the second amended petition alleges counsel ineffective for failing to get J.B.'s medical records and for failing to have an expert review those, but it fails to state why. And I think it's towards the end of the second amended petition is where that appears. But if we look at the claims — But my question is, which paragraphs — unless you just want to rely on your brief, I mean, I don't see what you're talking about in the actual document itself. Denied effective assistance of counsel from the appellate defender. Okay, I can see that, but then you say for failure to raise the claims of error cited above. So I'm having trouble with the argument of lack of specificity. I wish I had my brief in front of me because it's got the citation to the part where counsel's talking about J.B.'s medical records. So some of these claims in the second amended petition are specific and would pass muster. However, counsel raised several claims in this petition that do not. Several claims that do not comply with Rule 651C that are not properly pled. I understand that's your claim, but I haven't heard you answer my question as to which ones. So I believe there's a sheet at the end of the second amended petition that says additional claims of error. Yes. And I believe that's where these come from. And I've been reading to you from it. So for example, the FOIA. It's in C1440. So I believe there's a paragraph there that says counsel is ineffective for failure to call witnesses, but it does not state who they were whatsoever, no names. And it does not state what their testimony would have been. There's also the failure to give medical expert for J.B.'s records, but it fails to state why this was important, how it prejudiced Mr. Moss. And then counsel also says the state withheld evidence, a pretty significant claim to make about the state, but the second amended petition doesn't tell us what this evidence is, how we know this, how it's possible. Well, it says on the failure to withhold exculpatory evidence, it says in regards to Yvonne Hill and the arrest record and witness said convictions from petitioner in this cause. The petitioner has obtained this evidence by filing a FOIA request. I think it says he has attempted to obtain the evidence by getting a FOIA request. I'm reading it. The petitioner has obtained this evidence by filing an FOIA request. That's at C1441. Okay. If you want to stand on your brief, I understand your argument. Yes, Your Honor. I would stand on the claims raised in the opening brief because we provide citations to each of those paragraphs that we are asserting fell to comply with Rule 651C. And in light of Addison, I think that that requires this case to be remanded for further post-conviction proceedings. Okay. Thank you. This is a moving question. Yes.  Thank you, Your Honor. Thank you, Your Honor. May it please the Court, Counsel, I'm Becky Ray for the people. And I would first like to address Addison. I am six months removed from research and writing this brief, so I can't tell you that I have an independent recollection of why I did not include that in my brief. However, I'm prepared to discuss it today. I'm sure it was just an oversight or, as I'm getting ready to tell you, it was distinguishable enough that I didn't feel it was necessary to include that. Specifically in Addison, the pro se petition alleged that appellate counsel was ineffective for failing to raise 14 of 15 claims that he himself had included in his petition. Unlike post-conviction petition and petition counsel in Addison, who eliminated most of the necessary pro se allegations from the petition, counsel here didn't eliminate any of the defendant's claims in the second amended petition. He included all of them. Now, granted, some of them were verbatim or almost verbatim, as counsel just said, from the defendant's pro se petition. Unlike Addison, however, where the trial court there did not get the chance to consider those claims of ineffective assistance of appellate counsel, the trial court in this case did. The trial court considered those claims and they were rejected on their merits by the trial court. Additionally, the defendant himself, in this case, hampered counsel Biddle's efforts to obtain the information that could substantiate his own post-conviction claims. Biddle was attempting to remedy the shortcomings of his second amended petition as cited in the state's motion to dismiss at the trial court, and he recognized that there were some things he still needed to do. However, when he attempted to interview the witnesses and obtain documentation to substantiate those claims, the defendant filed a pro se motion alleging that he was ineffective, and the defendant also admitted he yelled at and cursed at Biddle and asserted that Biddle was undertaking these actions without the defendant's permission. When Biddle obtained an affidavit and photographic evidence in an effort to attach supporting documentation for a specific claim in the defendant's petition, the defendant complained that Biddle had given the state a heads up about one of the witnesses that he was going to call in his hearing. So regardless, Biddle continued to contact jurors to try and gather evidence about some of the defendant's claims, specifically the ones about them having seen him in handcuffs going into the courtroom prior to the trial, and the defendant again stated that he did not want Biddle to do that and claimed that Biddle's actions against him, or excuse me, that Biddle's actions caused him extreme and undue prejudice and harmed his constitutional rights and his right to a fair and impartial hearing, and he characterized Biddle's actions as backhanded. Defendant's words alleging his attorney violated his constitutional rights and committed unethical behavior certainly would have a chilling effect on any attorney. So these continued actions and insistence that Biddle obtained his permission before doing any type of investigation to substantiate his claims is one of the reasons that Biddle was unable to attach supporting documentation or to shore up his claims and present them in the proper form that defendant now indicates should have been done. Defendant was insisting also that he did not want Biddle to question any of these witnesses unless they were in court and under oath, and so that also hampered Biddle's attempts to investigate and present these claims in a sufficient form. Ms. Ray, so are you agreeing that some of these claims were not sufficient to raise a post-conviction issue for the defendant? I think that as initially presented, perhaps so. However, I do think Biddle was trying to remedy that. The State had filed a motion to dismiss, pointing out the deficiencies in Biddle's second amended petition, and I think Biddle was attempting to remedy that, and he was hampered by the defendant's insistence that he not interview these witnesses unless they were in court under oath, which as this Court knows can't happen at the second stage unless it gets beyond that to the evidentiary hearing at the third stage. But I also think there's other reasons. That's one reason that Biddle was unable to do that. The second, in my opinion, is that it was an impossibility to find evidence to shore up some of these because they just simply did not have merit, and so I think that's another reason. Additionally, Biddle discovered a conflict between the City of Harrisburg, whom he represented, and defendants' claims against the City of Harrisburg police officers, and when he brought that to the attention of the defendant in the court, the court asked the defendant if he wanted Biddle to withdraw, and he did. So while Biddle was in the midst of shoring up these claims to try to present them in some sort of form that would be acceptable and sufficient to the trial court, he was stopped prematurely from being able to do that because of the conflict and the defendant wanting him to withdraw. So unlike counsel in Addison, who represented the defendant there throughout the filing of the post-conviction petition, the amended one, and the hearing, Biddle was not done with his job. He was attempting to assist the defendant further and was unable to do that because he, the defendant no longer wanted him as an attorney and Biddle had a conflict, so the court allowed him to withdraw. But then Mayberry came in, and Mayberry, while he was representing counsel at the second stage, Duffy and Biddle had already filed 651C certificates, and I don't think that the defendant has presented anything here to show that he can rebut those 651C. But regardless, Mayberry was only representing the defendant for purposes of the hearing. He ended up only representing him for purposes of the hearing because the court gave him an opportunity to present additional claims, and as counsel said, Mayberry stood on the previously filed amended petition and argued against the State's motion to dismiss at that hearing. It sounds like what you say is that he got interrupted in the process of trying to make the claims more precise, and so we may be left with having to allow the defendant a second opportunity to clarify his allegations. May I address that, Your Honor? Yes. I don't think that the claims as Biddle presented them were insufficient, but I think that he was trying to do more, to make more of an effort, based on the deficiencies that the State had pointed out in its motion to dismiss, to prevent the defendant's second amended petition from being dismissed, as perhaps he anticipated it would be based on the State's alleged deficiencies. So I think he was doing more. I'm not saying that what he had done was deficient or insufficient, but I'm saying that he was trying to expound upon them to further support the defendant's claims. But I think the other reason, if I may respectfully disagree with your assessment that you may have to give the defendant a second chance, I think the other reason that you may not have to do that or that you shouldn't do that is because of Attorney Kaye's representation. While Attorney Kaye was only appointed for purposes of the motion to reconsider, as the trial court was very specific about, he undertook the same representation that a second-stage counsel would, and I don't agree that he's a second-stage counsel, as the defendant asserts. I think we're beyond that. The Act doesn't provide for a motion to reconsider, and it certainly doesn't provide for the appointment of counsel for a motion to reconsider, especially when the petition has already been dismissed by the trial court. There was nothing pending for Attorney Kaye to amend except for the motion to reconsider. So I think that for that reason, for the fact that Kaye undertook more representation, more responsibilities and duties than he was required to do at the stage he represented the defendant. May I finish my thought, please? I see my time is up. Yes, please. Okay. I think the fact that he found that the claims were all addressed by the trial court and there were no non-frivolous claims to present, that his response is the definitive response that this Court should rely on, and I ask the Court to affirm the trial court's dismissal of the defendant's post-conviction petition. Thank you. Thank you. There's a few significant points I want to make here. Initially, although the State seemed hesitant at the beginning of its oral argument, the State appeared to concede that the claims were poorly pled. However, when pressed by this Court, the State attempted to argue that post-conviction counsel attempted to shore up those claims through argument. However, it's the pleadings that matter, and the second amended petition was deficient. The State also argues that perhaps the relationship between counsel and the defendant was so poor that counsel wasn't able to properly do his job. That's simply irrelevant to what ends up in the pleading. If counsel can't properly represent a client, then he has a duty to withdraw. And, again, if counsel determined those claims that he alleged in the second amended petition lacked merit, then he had a duty pursuant to Supreme Court Rule 137 to not include those claims in the second amended petition. So the State's speculation as to why counsel performed poorly simply doesn't factor into play here. It's just not relevant. And, again, we can't address the merits of these poorly pled claims. Addison tells us that because they were so poorly pled, it renders the Post-Conviction Hearing Act essentially meaningless to address such poorly pled claims when a defendant hasn't had his statutory right to post-conviction counsel. And, finally, with respect to Attorney K, it is our position that Attorney K was post-conviction counsel when appointed on this motion to reconsider. Mr. Moss was represented by post-conviction counsel Mayberry, and Mayberry withdrew upon the dismissal of the second amended petition, and Attorney K was appointed on the motion to reconsider. Had that motion to reconsider been granted, Mr. Moss would have continued with more post-conviction proceedings. So I don't think this is some sort of, you know, unknown territory. This was simply a motion to reconsider the dismissal of the second amended petition. That doesn't turn Mr. K into some sort of, you know, non-post-conviction counsel for the purposes of this case. He was post-conviction counsel. That was his duty. And if that motion to reconsider had been granted, the case would have continued with more post-conviction proceedings. So we would ask this Court to remand for further second-stage proceedings so that Mr. Moss's claims can be looked at with reasonable assistance of counsel. Did Your Honor have a second question? Is it really that you're requesting, though, is really the right to file an amended post-conviction petition? If newly appointed post-conviction counsel determines that that's the proper course, and if that attorney looks at these claims and looks at the record and consults with Mr. Moss as required by Supreme Court Rule 651C, and it determines that none of these claims have merit, then that attorney needs to file the proper motion to withdraw, stating in the trial court why each claim lacks merit in a detailed brief and memorandum. So what is the specific relief that you're requesting? We're asking for the case to be remanded for second-stage proceedings with newly appointed counsel. And then that attorney will review the record and the pro se petition, speak with the defendant, all the requirements of Rule 651C, and then that attorney will determine whether to file a newly amended petition that's properly pled or whether to file a motion to withdraw. Wouldn't it make Attorney Biddle's approach that he just basically did a shotgun approach where he filed all of the pro se, initial pro se petitions, and some of those claims had already been addressed by either direct appeal or by the trial court found without merit, but he just realized them anyway? He did. He just threw in, you know, like the state and the opening briefs agree, verbatim things from the pro se petition, and some of those claims were just poorly pled. We don't know exactly what the claims were because counsel doesn't provide sufficient detail in that second amended petition. So it seems like counsel didn't do the thorough work he was supposed to do at the trial court stage. Thank you. Thank you. Thank you. We've considered the briefs. We appreciate your arguments today. We'll take the matter under advisement to issue a decision in due course. That concludes our oral arguments for this morning. This court will be recessed or adjourned until tomorrow morning at 9 a.m. Thank you.